IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE L. PORTER,

                                         ORDER

                Plaintiff,

                                      10-cv-305-bbc

    v.

AT&T[1],

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief in which plaintiff Christine Porter appears to allege that defendant AT&T disconnected telephone, internet and phone service even though she timely paid a prior monthly bill. Plaintiff has requested leave to proceed under the <u>in</u> <u>forma</u> <u>pauperis</u> statute, 28 U.S.C. §1915. From the affidavit of indigency accompanying plaintiff's proposed complaint, I conclude that plaintiff is unable to prepay the fees and costs of instituting this lawsuit.

      The next step is determining whether plaintiff's proposed action is frivolous or

---

[1] In the caption of her complaint, plaintiff identifies defendant as "A&T." However, I understand plaintiff to be bringing an action against "AT&T," a provider of telecommunications and internet services.

1

malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

> Plaintiff's complaint reads in its entirety as follows:
>
> Larry Porter Credit Card For Bank Blue Valey Credit Union I Put My Social SSI 240.00. to His Card. Att Said they Never Received it so the Shut John tv off His Inter Net and His Phone. And the Bill Was Not Due till the 6-2010 Do The The Factor I am On Disbillity this Fraud or Scamming Me.
>
> I want 240.00. Plus back. Flying in the Air Both Ways.
>
> I am closing The Recits I am No Longer Paying this Phone Bill of John Schuett 5313 green Brair Lane, Madison Wisc 53714   He take Apon Him Self Think People Will pay His Bills.

From the description in her complaint, it appears that plaintiff is alleging that she paid a bill for services provided by AT&T for an account held by Larry Porter and John Schuett and that, despite plaintiff's payment of the bill in full, AT&T discontinued services on the account. Plaintiff appears to contend that the discontinuation of services was fraudulent.

Generally, federal courts have the authority to hear two types of cases: (1) those in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) those in which a citizen of one state alleges a

2

violation of his or her rights established under state law by a citizen of another state exceeding the sum or value of $75,000, 28 U.S.C. § 1332 (establishing diversity jurisdiction). Here, plaintiff refers only to alleged fraudulent activity by the defendant. She does not assert that her constitutional rights or her rights under federal law have been violated. Without such assertions, I cannot find that this court has jurisdiction under § 1331 to hear her case. Alternatively, plaintiff could bring her lawsuit under the diversity statute, § 1332. However, even if I were to assume that the parties' citizenship is diverse (plaintiff has not provided information in her complaint explaining her own citizenship of the citizenship of the defendant) a bill in the amount of $240 falls well below the requirement that the parties' dispute must involves more than $75,000. Therefore, I have to conclude that this court lacks jurisdiction to hear her claim. I will dismiss plaintiff's proposed complaint. If she wishes, she may refile it in state court.

ORDER

IT IS ORDERED that plaintiff Christine Porter's request for leave to proceed in forma pauperis is DENIED and this case is DISMISSED without prejudice for lack of

jurisdiction. The clerk of court is directed to close this case.

Entered this 24th day of June, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge